UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TAMMY RENEE RILEY, )
   Plaintiff, )
 )
v. ) Case No: 1:13-CV-23
 ) (Mattice/Carter)
CAROLYN W. COLVIN, )
Commissioner of Social Security, )
   Defendant. )

<u>REPORT AND RECOMMENDATION</u>

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of Plaintiff's Motion for Summary Judgment (Doc. 11) and Defendant's Motion for Summary Judgment (Doc. 13).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

<u>Plaintiff's Age, Education, and Past Work Experience</u>

Plaintiff was 48 years old at the time of the ALJ's decision (Tr. 19, 192), she had a high school education and had worked in the past as a cashier, fast food greeter, and packer (Tr. 67-69, 225-226).

Applications for Benefits

Plaintiff protectively filed applications for a period of disability, disability insurance benefits (DIB) and supplemental security income (SSI) on March 29, 2010 (Tr. 192-200, 220). Plaintiff alleged disability due to back injury; fibromyalgia; anxiety; degenerative disc disease; panic attacks; numbness; tingling and weakness in the lower extremities; back pain; myofascial pain; Lypoma, a large abrasion on the left shoulder; and depression (Tr. 224). An administrative law judge (ALJ) set a hearing for September 20, 2011, which was postponed (Tr. 24-29) and held on December 1, 2011 (Tr. 30-77). Plaintiff alleged disability onset on July 11, 2005, but amended that date at the hearing to June 1, 2010 (Tr. 47, 200). The ALJ issued an unfavorable decision on January 13, 2012 (Tr. 9-19) and the Appeals Council denied Plaintiff's request for review on December 28, 2012 (Tr. 1-3). This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); Abbot v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has

2

done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. Id. If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; Skinner v. Secretary of Health & Human Servs., 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. Richardson v. Secretary, Health and Human Servs., 735 F.2d 962, 964 (6th Cir. 1984); Noe v. Weinberger, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); Landsaw v. Secretary, Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. Ross v. Richardson, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994) (citing Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir. 1986)); Crisp v. Secretary, Health and Human Servs., 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security

3

       Act through September 30, 2013.

2. The claimant has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*).

3. The claimant has the following severe impairments: fibromyalgia, disorder of the low back, disorder of the left hip, and depressive disorder with anxiety (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform unskilled sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except claimant should not climb ladders, ropes and scaffolds and is limited to occasional posturals.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 13, 1963 and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 11-19).

Issue Presented

Plaintiff contends:

1) The Commissioner's decision disregarded medical opinions concerning Plaintiff's upper extremity limitations in determining her residual functional capacity and erred in assigning more weight to the opinions of non-examining medical sources over opinions of the consultative examiner.

2) The ALJ failed to consider the effect of Plaintiff symptoms on her ability to work.

3) The ALJ failed to acknowledge the true nature of fibromyalgia and the fact it can form part of the basis of a disability claim.

Relevant Facts

Plaintiff's medical treatment is set forth in detail in the ALJ's Administrative Decision (Tr. 9-19) and in the parties' Brief and Memorandum. I will not repeat it here but will refer to relevant portions of them in the analysis section.

Analysis

1. Weighing the Medical Opinions

The Commissioner is not bound by physician opinions and even treating source opinions receive great weight only if supported by sufficient clinical findings and if they are consistent with the evidence. See 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4); Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003). The weight given a physician's opinion depends upon the extent to which it is supported by objective medical signs and laboratory findings, and is consistent with the record as a whole. See Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390-91 (6th Cir. 2004). Even a treating physician's opinion may be disregarded if it is unsupported by objective medical evidence, and is inconsistent with the record as a whole. See 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4); Warner, 375 F.3d at 390-91.

Plaintiff contends the ALJ erred in giving greater weight to the state agency physician opinions than to consultative examiner opinions and providing no explanation for doing so (Doc. 12, Pl.'s Br. at 15-16). The ALJ gave some weight to the consultative physical examination from Robert Peterson, M.D., and gave great weight to state agency physician A. Przybyla, M.D. (Tr. 17-18). While the Commissioner generally gives more weight to an examining physician than a non-examining physician, that is not always the case and the ALJ can give more weight to a non-examining source than given to even a treating source. See 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); Helm, 405 F. App'x at 1002; Dragon v. Comm'r of Soc. Sec., 470 F. App'x 454, 463-64 (while examining sources generally receive more weight than non-examining sources, it is not a "bright-line" rule); Social Security Ruling (SSR) 96-6p, 1996 WL 374180 at *3 (state agency physicians can be given greater weight than treating or examining sources in appropriate circumstances). Furthermore, Dr. Peterson did not opine Plaintiff was more limited in any way than Dr. Przybyla found (compare Tr. 354-358 with Tr. 383-389). In fact, Dr. Przybyla stated there was no medical source opinion significantly different from his findings (Tr. 388). Plaintiff's brief points to no further limitations the ALJ should have adopted from Dr. Peterson that were not covered by Dr. Przybyla (Pl's Br. at 15-16). Therefore, any error in giving greater weight to Dr. Przybyla than Dr. Peterson was harmless. Cf. Ellis v. Apfel, 2000 WL 1477602 at *1 (6th Cir. 2000) (unpublished) (affirming where non-examining source opinions "synthesized" the findings from an examining source).

Plaintiff next contends the ALJ erred in not assessing further limitations on her use of her upper extremities based on the opinions from Dr. Przybyla, state agency physician Marcus Whitman, M.D., and the shoulder range of motion findings from Dr. Peterson's examination (Pl's Br. at 16-17). Dr. Przybyla found Plaintiff limited to occasional pushing and pulling (Tr. 384), Dr. Whitman found Plaintiff limited to frequent reaching above the shoulder (Tr. 394) and Dr. Peterson found a reduced range of motion on abduction of the shoulders due to back pain

allegations, but assigned no specific limitations (Tr. 356, 358). Plaintiff contends it is error to not assess further limitations on use of her upper extremities. However, as the Commissioner argues, even if the ALJ erred in not adopting the opinions from Drs. Przybyla and Whitman about Plaintiff's upper extremities, the outcome of this case would not have changed because the ALJ found Plaintiff limited to a reduced range of sedentary work (Tr. 13). SSR 96-9p states restrictions on the ability to push or pull will generally have little effect on the unskilled sedentary occupational base. See SSR 96-9p, 1996 WL 374185 at *6. Similarly, SSR 85-15 indicates that only significant limitations in reaching or handling might eliminate a large number of occupations a person could otherwise do and Dr. Whitman found Plaintiff limited only to frequent above the shoulder reaching, which does not suggest significant limitation. See SSR 85-15, 1985 WL 56857 at *7. Further, SSR 85-15 states that when there are significant limits on a claimant's reaching, the proper action is to obtain VE testimony. See SSR 85-15, 1985 WL 56857 at *7. Here, the VE testified that even a limitation to occasional use of the upper extremities would still allow for 40 percent of the sedentary work base and would include positions such as inspectors and surveillance system monitors (Tr. 73). The surveillance system monitor position requires no reaching and inspector positions such as matrix inspector require only occasional reaching. See U.S. Dep't of Labor, Dictionary of Occupational Titles (DOT) § 379.367-010, 1991 WL 673244; DOT § 654.687-010, 1991 WL 685814. Therefore, even if the ALJ adopted the opinions from Drs. Przybyla and Whitman limiting Plaintiff's upper extremity use, the above jobs would still be available, it would not have changed the outcome in this case, and it does not warrant remand. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); Rabbers v. Comm'r of Soc. Sec. Admin., 582 F.3d 647, 652-61 (6th Cir. 2009) (holding ALJ's failure to rate claimant's degree of limitation in the four broad functional areas

pursuant to the regulations did not prejudice claimant and was harmless error); Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875-76 (6th Cir. 2007) (declining to remand where ALJ did not specifically address opinions from examining physicians); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 547 (6th Cir. 2004)(acknowledging harmless error can be applied to situations involving medical opinions); see also N.L.R.B. v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969) (when "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game"); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Under these circumstances I conclude remand is not necessary.

2. Evaluation of Plaintiff's Symptoms

An individual's statement as to pain or other symptoms will not alone establish disability. See 42 U.S.C. § 423(d)(5)(a); 20 C.F.R. §§ 404.1529, 416.929; Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 530 (6th Cir. 1997); see also Young v. Sec'y of Health & Human Servs., 925 F.2d 146, 150-51 (6th Cir. 1990) (there must be objective medical evidence to confirm the severity of the alleged pain arising from a condition). In evaluating Plaintiff's subjective complaints, the ALJ may properly consider her credibility and such findings are to be accorded great weight and deference if supported by substantial evidence. See Walters, 127 F.3d at 530.

Plaintiff contends the ALJ did not properly address her subjective complaints because she alleges statements made at Plaintiff's hearing indicated the ALJ would not consider her complaints in the decision making process. Plaintiff alleges the ALJ also failed to consider the regulatory factors for assessing pain and bases that statement again on the ALJ's statements at the hearing (Doc. 12, Pl.'s Br. at 17-18). The ALJ's written decision does not support Plaintiff's

contentions and provides sufficient explanation for his decision to discount Plaintiff's credibility. Plaintiff seems to be inviting the Court to disregard the ALJ's written decision in its entirety and instead decide this case based on the transcript of the hearing.

Plaintiff contends the ALJ did not consider the regulatory factors in his analysis. However, the ALJ's decision notes that he considered her symptoms based on the requirements of 20 C.F.R. §§ 404.1529, 416.929 and the applicable SSRs (Tr. 13). The ALJ found Plaintiff's statements regarding the intensity, persistence and limiting effects of her impairments not fully credible (Tr. 13). In support of that finding, the ALJ discussed Plaintiff's reports that Lyrica was helpful in relieving her pain symptoms and in March 2011 her back pain was better than baseline and her myofascial pain was better with Lyrica (Tr. 17, 341, 401). These reports support the ALJ's decision to discount Plaintiff's allegations of debilitating pain. See 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); Workman v. Comm'r of Soc. Sec. 105 F. App'x 794, 800 (6th Cir. 2004)(affirming finding of not disabled in part because the claimant's conditions were controlled with treatment); Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984)(affirming denial of benefits based in part on medication controlling symptoms).

The ALJ cited Plaintiff's report to Dr. Peterson that she was prescribed a walker, but that Dr. Peterson noted she did not bring it to her examination (Tr. 17, 354). The ALJ discussed the findings of the consultative psychologist, Carol Phillips, Ed.D., that Plaintiff appeared to present in a dramatic manner and her mental status examination was normal, undermining her allegations of debilitating mental impairments (Tr. 17, 359, 361). The ALJ further noted Plaintiff's report to the agency that she did not take care of anyone, but progress notes in the record from May 2010 showed she cared for her four-year-old grandchild (Tr. 17, 233, 420). These apparent inconsistencies further support the ALJ's credibility determination. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p, 1996 WL 374186, at *5 (July 2, 1996) ("One strong

indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record.").

The ALJ also pointed to treatment notes from Mark Freeman, M.D., in May 2011 stating Plaintiff did not have any positive diagnostic evaluation that would suggest the severe hip pain she alleged. Notes from Walter King, M.D., in August 2011 indicated that Plaintiff had no definite evidence of problems with her left hip and recommended against aggressive therapy (Tr. 17, 432, 436). These findings and conservative treatment are inconsistent with Plaintiff's contentions of severe hip pain and support the ALJ's decision to discount her credibility. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p, 1996 WL 374186, at *5; see also Bentley v. Comm'r of Soc. Sec., 23 F. App'x 434, 435 (6th Cir. 2001) (conservative treatment factored to support ALJ's credibility decision).

Plaintiff next contends the ALJ erred in failing to address her alleged medication side effects (Pl's Br. at 18). However, as the Commissioner notes, Plaintiff had reported her medications caused no side effects on numerous occasions (Tr. 239, 249, 261). Plaintiff points only to Dr. Peterson's report in support of her alleged side effects, but Dr. Peterson only stated medications "could" cause sedation and "would have a potential" of interfering with concentration; Dr. Peterson did not find any such side effects existed, nor did Plaintiff allege them to Dr. Peterson (Tr. 354-358).

In light of the significant discrepancies between Plaintiff's allegations and the evidence in the record, I conclude remand is not required. See Shinseki, 556 U.S. at 409 ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); see also Wyman-Gordon Co., 394 U.S. at 766 n.6 (when "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game"); Fisher, 869 F.2d at 1057 ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to

believe that the remand might lead to a different result.").

3. Plaintiff's Fibromyagia

Plaintiff next contends the ALJ erred in failing to acknowledge that fibromyalgia can form part of the basis of a disability claim. Plaintiff correctly points out that the 6th Circuit has agreed that fibromyalgia is a medical condition that can be disabling. In Preston v. Sec. of Health & Human Services, 854 F.2d 815, 817, the 6th Circuit held that fibromyalgia can be disabling. Similarly, in Vance v. Comm'r of Soc. Sec., 260 F.App'x 801, 806 (6th Cir. 2008), the 6th Circuit noted that, "some people may have a severe case of fibromyalgia as to be totally disabled from working." The Commissioner has also recognized that fibromyalgia can be disabling. SSR 12-2p.

Plaintiff's argument is based more on statements the ALJ made at the hearing, rather than the findings in the ALJ's actual decision (Pl's Br. at 19). In the decision, the ALJ specifically found Plaintiff's fibromyalgia is a severe impairment, which means he found it significantly limits her physical or mental ability to do basic work activities (Tr. 11). See 20 C.F.R. 404.1520(c), 416.920(c). The ALJ also discussed Plaintiff's diagnosis with, and treatment for, fibromyalgia. In his opinion he specifically noted Lyrica helped her myofascial symptoms (Tr. 14, 16, 341, 401). The ALJ properly considered Plaintiff's fibromyalgia as a potentially debilitating impairment and analyzed the evidence related to it but concluded it was not disabling. The ALJ's decision does not reflect a failure to consider Plaintiff's fibromyalgia.

Plaintiff also contends the ALJ was biased (Pl's Br. at 19). A review of the record shows there was an extended hearing during which the ALJ made statements which could be taken to reflect bias. On the other hand, the record shows that the ALJ was very familiar with the medical record before him and his comments could also be taken to merely reflect his view based on the record itself. As the Commissioner argues, when faced with a claim of bias, this Court must start with the presumption that administrative adjudicators are unbiased and exercise their

decision-making authority with honesty and integrity. See Schweiker v. McClure, 456 U.S. 188, 195 (1982); Withrow v. Larkin, 421 U.S. 35, 47 (1975). The burden of overcoming this presumption rests on the party making the assertion of bias. McClure, 456 U.S. at 195. A party must rebut the presumption by showing a conflict of interest or some other specific reason for disqualification. Id. The presumption can be overcome only with convincing evidence that "a risk of actual bias or prejudgment" is present. Withrow, 421 U.S. at 47. To be disqualifying, the alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). The Commissioner contends the ALJ's questioning at the hearing reflected little more than a thorough review of the evidence in the record by the ALJ and legitimate doubts about Plaintiff's disability based on the evidence before him and the controlling rules and regulations. Regardless, the ALJ allowed Plaintiff and her attorney to set forth their contentions as to her disability. As noted, the ALJ acknowledged Plaintiff's fibromyalgia and analyzed the treatment evidence related to it. In fact, at one point during the hearing, the ALJ reminded counsel to cover questions related to Plaintiff's alleged limitations based on Fibromyalgia and point tenderness (Tr. 65).

Judicial rulings, routine trial administration efforts, and ordinary admonishments that do not rely upon knowledge acquired outside the course of judicial proceedings are not grounds for disqualification. Opinions formed from facts or events arising during the current or prior proceedings are not grounds for a recusal motion unless they display deep-seated favoritism or antagonism. Plaintiff has the burden of showing that the ALJ engaged in conduct that was so extreme it deprived him of the fundamental fairness that due process mandates. See Liteky v.

12

United States, 510 U.S. 540, 556 (1994); McClure, 456 U.S. at 195-96.  I agree with the Commissioner that Plaintiff failed to meet that burden here.  Here, the ALJ was commenting upon the evidence and expressing his opinion, which constitutes permissible judicial conduct. The ALJ's opinion appears to have been formed from facts arising during the current proceedings and his review of the record prior to the hearing and did not display deep-seated favoritism, antagonism, or bias.  See Liteky, 510 U.S. at 555.

Plaintiff points out several instances of alleged inappropriate comments made by the ALJ ("Fibromyalgia pain is not disabling in my world") (Tr. 52) and ("fibromyalgia is not disabling unless you are a old, old person and it limits you from a restricted range of work to another level") (Tr. 53) (Pl's Br. at 10)   The ALJ should have made it more clear that the opinion was based on the record before him.  Fibromyalgia can be disabling.  However, looking at the other portions of the transcript where his familiarity with the record was shown, these remarks could be taken as reflecting his view of the level of seriousness of the alleged fibromyalgia of this claimant.   I do not see the comments as necessarily showing bias against Plaintiff or that the ALJ failed to fulfill his role as a neutral finder of fact.   The fact that he specifically reminded counsel of the need to cover testimony related to fibromyalgia and in his decision articulated sufficient reasons to conclude that the sedentary work level adequately accounted for the condition, leads me to conclude he adequately considered her condition and was not biased in so doing.  Plaintiff fails to show that the ALJ's opinion resulted from something other than consideration of the evidence in this case.  See Grinnell, 384 U.S. at 583.  The ALJ acknowledged Plaintiff's fibromyalgia and analyzed the treatment evidence related to it.  I conclude the ALJ weighed the evidence and formulated the RFC assessment he deemed

13

appropriate based on the evidence he found credible in the record.

## Conclusion

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude there is substantial evidence in the record to support the findings of the ALJ and the decision of the Commissioner, and neither reversal nor remand is warranted on these facts. Accordingly, I RECOMMEND:

    (1) The plaintiff's motion for judgment on the pleadings (Doc. 11) be DENIED.

    (2) The defendant's motion for summary judgment (Doc. 13) be GRANTED.

    (3) The case be DISMISSED. [1]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).